**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Vivian Von Miravite Salvador, | Case No. 2:20-cv-00798-RFB-BNW |
| Plaintiff, | |
| v. | **Order re [15] and [16]** |
| GEICO General Insurance Company, Does I through X and Roe Corporations I through X, inclusive, | |
| Defendants. | |

Before the Court is a motion to stay discovery (ECF No. 15) by defendant GEICO General Insurance Company ("GEICO"). GEICO asks this Court to stay discovery until the district judge resolves its motion to dismiss. Plaintiff Vivian Von Miravite Salvador opposes the request. The Court finds that GEICO has failed to establish that its motion to dismiss is potentially dispositive. Further, after a preliminary peek at GEICO's motion, the Court is not convinced that Ms. Salvador will be unable to construct a claim for relief or that discovery would be a waste of effort. On these independent bases, and the considerations of Fed. R. Civ. P. 1, the Court will deny GEICO's motion and discovery will begin.

**I.    Background.**

    **A.  Ms. Salvador's allegations.**

In 2015, Ms. Salvador was involved in a car accident with a "negligent third party." ECF No. 10 at 3. She alleges that as a result of this accident, her vehicle was totaled and she sustained permanent and disabling injuries. *Id.* The negligent third party was insured by Farmers Insurance Group with a policy limit for bodily injury up to $25,000. *Id.* at 4. Although Ms. Salvador received a payout from the negligent third party's insurer, she alleges that her damages exceed the amount tended by the policy limits. *Id.*

1    Ms. Salvador herself was insured under a policy with GEICO that included

2    uninsured/underinsured motorist ("UIM") coverage in the amount of $100,000. *Id.* She submitted

3    a settlement demand to GEICO containing records of medical expenses that are allegedly

4    connected to her accident along with the estimated cost of a procedure recommended by a

5    neurosurgeon. *Id.* Following Ms. Salvador's demand, GEICO offered to pay her $15,210.37

6    under the policy, but Ms. Salvador did not accept the offer because she alleges that her damages

7    far exceed this amount. *Id.* at 5. Because Ms. Salvador believes she is owed the full $100,000

8    under her UIM policy, she initiated the underlying breach of contract claim. *Id.* at 9.

9    In addition to her breach of contract claim, Ms. Salvador also filed extra-contractual

10   claims stemming from alleged misconduct by GEICO. *Id.* at 5–8. Overall, Ms. Salvador alleges

11   that GEICO unreasonably handled her claim and tried to settle her claim "in an untimely manner

12   without fully and fairly evaluating the facts and information." *Id.* at 5. Ms. Salvador further

13   alleges misconduct in GEICO ignoring her already incurred medical costs and surgical

14   recommendation, failing to employ the proper medical experts and allowing unqualified

15   employees to evaluate medical information, failing to show up for a recorded statement,

16   misdating correspondence, subjecting her to prolonged questioning during her examination under

17   oath due to unprepared counsel, subjecting her to multiple recorded statements, forcing her to

18   wait an unreasonable amount of time for determination of her claim, and failing to properly

19   respond to her inquiries. *Id.* at 8.

20   **B. Procedural history.**

21   Ms. Salvador initially filed her complaint against GEICO in the Eighth Judicial District

22   Court. GEICO then removed the case to this Court on May 4, 2020. ECF No. 1.

23   Ms. Salvador filed the operative first amended complaint on May 22, 2020. ECF No. 10.

24   In the complaint, she asserts four causes of action: (1) breach of contract; (2) breach of the

25   covenant of good faith and fair dealing; (3) unjust enrichment; and (4) violation of the Nevada

26   Unfair Claims Practices Act.[1] *Id.* at 9–15.

27

28   _____

[1] *See* NRS § 686A.310.

1    GEICO filed a motion to dismiss or, in the alternative, to sever/bifurcate Ms. Salvador's

2    claims for bad faith on May 11, 2020. ECF Nos. 7 and 8. Ms. Salvador timely opposed both

3    motions. ECF Nos. 11 and 12.

4         On June 1, 2020, GEICO filed a motion to stay extra-contractual discovery pending

5    resolution of its motion to dismiss. ECF No. 15. The following day, the parties filed a joint

6    stipulated discovery plan and scheduling order. ECF No. 16. Ms. Salvador timely responded to

7    the motion to stay and GEICO timely replied. ECF Nos. 19 and 20.

8    **II.    Discussion.**

9         "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of

10   discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278

11   F.R.D. 597, 600–01 (D. Nev. 2011) (citation omitted). But trial courts enjoy broad authority to

12   manage discovery, and this authority encompasses the ability to issue a discovery stay. *See, e.g.*,

13   *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th

14   Cir. 1988). Still, the trial court's broad authority must be balanced against Rule 1's expectation

15   that the Federal Rules of Civil Procedure be construed "to secure the just, speedy, and

16   inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1.

17        Courts in this district have formulated three requirements that, if met, can merit a stay of

18   discovery. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). A motion to stay

19   discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the

20   potentially dispositive motion can be decided without additional discovery; and (3) the court has

21   taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced

22   that the plaintiff will be unable to state a claim for relief. *Id.* The party seeking the stay bears the

23   "heavy" burden of establishing why discovery should be denied. *Tradebay, LLC v. eBay, Inc.*,

24   278 F.R.D. 597, 601 (D. Nev. 2011).

25        **A.  Potentially dispositive motions to dismiss.**

26        GEICO argues that it meets the first of three *Kor Media* requirements. It asserts that

27   because its pending motion (ECF No. 7) is primarily brought under Rule 12(b)(6), the motion is

28   potentially dispositive of all the extra-contractual causes of action. ECF No. 15 at 5. GEICO

acknowledges that its motion is not dispositive of Ms. Salvador's entire case, but it asserts that in order to stay discovery, the motion is only required to be "dispositive on the issue[s] on which discovery is sought." ECF No. 20 at 4. Thus, GEICO contends, Ms. Salvador's breach of contract claim is not relevant to whether its motion to dismiss the extra-contractual claims is potentially dispositive. *Id.*

Ms. Salvador disagrees. She asserts that because her contractual claims were not targeted in GEICO's pending motion to dismiss, the motion is not dispositive. ECF No. 19 at 8. Rather, Ms. Salvador contends, the claims are "intertwined" and incapable of being bifurcated because staying the extra-contractual claims would "prolong the discovery process and waste judicial resources" by creating two distinct discovery phases. *Id.*

Here, the Court finds that GEICO fails the first of the three *Kor Media* requirements because it has not established that the extra-contractual claims are the only issues on which Ms. Salvador seeks discovery. In order to meet the first requirement, "the pending motion must be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought." *Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 602 (D. Nev. 2011). Ms. Salvador, however, seeks discovery "related to the issues of bad faith *and* breach of contract." ECF No. 19 at 14 (emphasis added). Further, this Court has previously found that breach of contract claims and extra-contractual bad faith claims are "intertwined" for purposes of discovery. *See, e.g.*, *Aiello v. Geico Gen. Ins. Co.*, 379 F. Supp. 3d 1123, 1129 (D. Nev. 2019) (declining to stay discovery on extra-contractual claims because the claims were "intertwined" with the plaintiff's breach of contract claim).

Additionally, the parties stipulated in their proposed discovery plan and scheduling order—still pending before the Court until resolution of the underlying motion—that they wished to conduct discovery "not only relating [to] the underlying vehicle collision and injuries stemming therefrom, but also relating to the allegations of bad faith and unfair claims practices." ECF No. 16 at 2. This stipulation demonstrates the interrelated nature of the claims because this discovery would not only pertain to the extra-contractual claims, but to the breach of contract claim as well.

**B.  Need for additional discovery.**

GEICO argues that its motion to dismiss can be resolved without discovery. ECF No. 15 at 6. According to GEICO, the "purpose of 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery." ECF No. 20 at 5. Thus, GEICO asserts, because the motion is based on Rule 12(b)(6), the "Court's analysis is based on the pleadings and the Court can and will render a decision regarding [the motion] without any further discovery." ECF No. 15 at 6.

Ms. Salvador, on the other hand, argues that because she outlines—in her opposition to the motion to stay discovery—additional discovery topics she intends to explore, the underlying motion to stay cannot be decided without additional discovery. ECF No. 19 at 9. Although Ms. Salvador maintains that she has alleged sufficient facts to overcome GEICO's motion to dismiss, she asserts that additional discovery is "expected to bolster and add further support to the already-available information." *Id.*

Here, the Court finds that the district judge will not require additional discovery to resolve GEICO's motion to dismiss because the motion was brought under Rule 12(b)(6). To resolve a Rule 12(b)(6) motion, "the court asks only whether the pleadings are sufficient to establish a claim," not whether the plaintiff will be able to "find evidence to support the pleadings." *Tracy v. U.S.*, 243 F.R.D. 662, 664 (D. Nev. 2007) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). Therefore, GEICO has established the second *Kor Media* requirement.

**C.  Preliminary peek**

At the "preliminary peek" stage, the court does not prejudge the outcome of the underlying motion to dismiss because, ultimately, the district judge might "have a different view of the merits." *Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 603 (D. Nev. 2011). Instead, the preliminary peek is meant to "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." *Id.*

With this goal in mind, a stay of discovery should be ordered only "if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013) (internal citation omitted). This is an onerous

1    standard. *Id.* "Generally, there must be *no question* in the court's mind that the dispositive motion

2    will prevail, and therefore, discovery is a waste of effort." *Id.* (citing *Trzaska v. Int'l Game*

3    *Techs.*, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011)) (emphasis in original).

4        In regard to the preliminary peek, GEICO raises five reasons that, taken together,

5    allegedly mandate dismissal—or in the alternative, bifurcation—of Ms. Salvador's extra-

6    contractual claims. ECF No. 7 at 4–14. The Court addresses each of these arguments in turn.

7        **1.   Failure to state a claim under any "bad faith theory."**

8        First, GEICO asserts that Ms. Salvador's breach of the implied covenant of good faith and

9    fair dealing claim can be interpreted under two separate theories: contractual bad faith and

10   tortious bad faith. ECF No. 7 at 4. It contends that Ms. Salvador fails to state a claim for relief

11   under either "bad faith theory." *Id.*

12       To begin, GEICO asserts that Ms. Salvador cannot pursue a contractual breach of the

13   implied covenant of good faith and fair dealing because such a claim "occurs where the terms of a

14   contract are literally complied with" but one of the parties "deliberately countervenes the

15   intention and spirit of the contract." *Id.* Thus, GEICO contends, plaintiffs who allege facts

16   showing violations of express policy terms "negate the possibility of a valid claim for breach of

17   the implied covenant." *Id.* at 5.

18       GEICO then asserts that Ms. Salvador fails to state a claim for relief under a tortious

19   breach theory because her claim is "simply a dispute over the value of the injury" and such a

20   dispute does not constitute "bad faith." *Id.* at 8.

21       The Court is not convinced that Ms. Salvador will be unable to state a claim for relief

22   under any "bad faith theory." Although plaintiffs who assert tortious and contractual bad faith

23   claims each seek to prove an insurer's unreasonableness, the claims differ in an important way.

24   *Walker v. Geico Cas. Co.*, 2019 WL 6729315, at *3 (D. Nev. Dec. 11, 2019). Under contractual

25   bad faith, an insured alleges that the insurer acted unreasonably despite complying with all the

26   contractual provisions. *Id.* On the other hand, a tortious bad faith claim arises where the parties to

27   an agreement share a special relationship, such as an insurer and insured. *Id.*

28

1    The Court construes Ms. Salvador's claim under a tortious bad faith theory. Accordingly,

2  in the Court's view, Ms. Salvador has plausibly alleged a breach of the implied covenant of good

3  faith and fair dealing. An insurer breaches the implied covenant—and acts in bad faith—when it

4  denies benefits owed under a policy without any reasonable basis for the denial. *Clifford v. Geico*

5  *Cas. Co.*, 428 F. Supp. 3d 317, 324 (D. Nev. 2019). Tortious bad faith claims involve both an

6  objective and subjective element. *Id.* Objectively, the insurer's denial of the benefits must have

7  been unreasonable. *Id.* Subjectively, the insurer must have known—or recklessly disregarded—

8  that its denial was unreasonable. *Id.*

9    Because bad faith requires the defendant to be objectively and subjectively unreasonable,

10  the genuine dispute doctrine provides that the insurer is not liable for bad faith so long as the

11  insurer had a reasonable basis to deny coverage. *Plaza v. Geico Direct*, 430 F. Supp. 3d 689, 691

12  (D. Nev. 2020). However, if a defendant's valuation is unreasonable, the dispute over the value is

13  not "genuine" and the genuine dispute doctrine does not apply. *Id.* Here, although GEICO

14  contends that it is protected under the genuine dispute doctrine because there is simply a "dispute

15  over the value of the injury," Ms. Salvador alleges sufficient facts to suggest that GEICO may

16  have acted unreasonably in the denial of her claim by ignoring prior medical costs and

17  recommendations, failing to employ proper medical experts, allowing unqualified medical

18  employees to evaluate information, and otherwise failing to properly correspond with her counsel

19  in various circumstances. Thus, this Court believes Ms. Salvador has plausibly alleged a tortious

20  bad faith claim.

21    **2.  Failure to state a claim under Nevada's Unfair Claims Practices Act**

22    Second, GEICO argues that Ms. Salvador's claim alleging violations of the Nevada Unfair

23  Claims Practices Act fails because she only alleges legal conclusions from the statute that are

24  devoid of any factual allegations. ECF No. 7 at 10.

25    Here, the Court is not convinced that Ms. Salvador has solely alleged legal conclusions.

26  NRS § 686A.310 prohibits unfair practices in an insurer's claims-settlement process. *Clifford v.*

27  *Geico Cas. Co.*, 428 F. Supp. 3d 317, 325 (D. Nev. 2019). There are sixteen barred activities that

28  generally protect an insured against uneven bargaining power with its insurer. *Id.* Under NRS §

686A.310, an insurer is liable for damages if it engages in any of the enumerated acts. *Jimenez v. GEICO Gen. Ins. Co.*, 2020 WL 1434311, at *3 (D. Nev. Mar. 24, 2020).

Ms. Salvador relies on subsections 1(b), (c), (d), (e), (f), (g), and (n) of § 686A.310. Despite GEICO's assertions, Ms. Salvador does not merely recite the language of the statute. Rather, specific conduct—often supplemented by corresponding dates—is alleged throughout the amended complaint and re-alleged or incorporated in each respective cause of action. Thus, in this Court's view, Ms. Salvador has plausibly alleged violations of NRS § 686A.310.

### 3. No cause of action exists for unjust enrichment

Third, GEICO argues that no cause of action exists for unjust enrichment because Ms. Salvador also alleges breach of contract. ECF No. 7 at 11. Unjust enrichment, GEICO contends, "is an alternative basis only where there is no valid, express contract." *Id.*

The Court agrees. This Court has previously held that "[u]njust enrichment is an equitable substitute for a contract, and an action for unjust enrichment therefore cannot lie where there is an express written agreement." *Schmall v. Gov't Employees Ins. Co.*, 240 F. Supp. 3d 1093, 1097 (D. Nev. 2016). Here, Ms. Salvador does not assert the absence of an express contract but instead confirms the existence of a written agreement through her breach of contract claim. However, the Court will not grant GEICO's motion on this basis because this argument will not dispose of Ms. Salvador's entire complaint. *See Kor Media Grp. LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (requiring that a pending motion be "potentially dispositive").

### 4. The suit is premature

Fourth, GEICO argues that Ms. Salvador's suit is premature and therefore must be dismissed. ECF No. 7 at 12. GEICO asserts that an insured must first resolve the breach of contract issue before bringing a bad faith action against the insurer. *Id.* In order for a bad faith cause of action to lie against an insurer, GEICO contends, an insured must show "legal entitlement" to the UIM proceeds by first demonstrating unreasonable conduct by the insurer concerning its obligation to its insured. *Id.* Thus, GEICO argues, because Ms. Salvador does not yet have "legal entitlement," her claims are premature and must be dismissed. *Id.* at 13.

Here, based on a preliminary peek, the Court does not agree that Ms. Salvador must prevail in her breach of contract claim before pursuing her remaining claims. Nevada law does not require a plaintiff to establish success on a contractual claim prior to instituting a claim for bad faith. *Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005). Although GEICO relies on *Pulley v. Preferred Risk Mut. Ins. Co.*, 11 Nev. 856 (1995) to support the proposition of "legal entitlement," this reliance is misplaced. *See Tracey v. Am. Family Mut. Ins. Co.*, 2010 WL 3613875, at *4 (D. Nev. Sept. 8, 2010). Though the plaintiff in *Pulley* did in fact pursue the bad faith tort claim after the breach of contract claim was settled, this was because the bad faith claim did not even *arise* until the contractual claim concluded. *Id.* Thus, the *Drennan* Court declined to interpret *Pulley* as requiring a plaintiff to establish success on a contractual claim preliminarily. 366 F. Supp. at 1007. Rather, the Court found that such a requirement would waste judicial resources by causing a plaintiff to commence two separate suits "even if the facts establish that defendant breached the insurance contract and acted in bad faith within the same factual sequence." *Id.*

### 5.  Alternatively, the extra-contractual claims should be bifurcated

Finally, GEICO argues that if the extra-contractual claims are not dismissed, bifurcation of the claims is proper. ECF No. 7 at 14. GEICO asserts that allowing the claims to proceed in conjunction will unnecessarily consume substantial resources because the discovery sought for the claims will be unrelated. *Id.* at 15. GEICO further contends that bifurcation is appropriate in insurance bad faith cases in order "to avoid juror confusion and resulting prejudice that may ensue if jurors were to concurrently hear and evaluate coverage issues together with evidence of purported bad faith." *Id.* at 14.

Here, following a preliminary peek, the Court is not convinced that bifurcation is warranted. Rule 42(b) authorizes courts to separate trial of any claim when separation is in the interest of judicial economy, will further the parties' convenience, or will prevent undue prejudice. Fed. R. Civ. P. 42(b). Bifurcation of the extra-contractual claims, however, "would require the parties to present much of the same evidence twice, have witnesses testify twice, make many of the same arguments twice, and pay the cost of litigation twice." *Aiello v. Geico Gen. Ins.*

*Co.*, 379 F. Supp. 3d 1123, 1129 (D. Nev. 2019). Thus, where claims involve overlapping discovery and intertwined factual issues, "a separate trial would merely spur duplicative litigation and eliminate the convenience that bifurcation intends." *Walker v. Geico Cas. Co.*, 2019 WL 6729315, at *6 (D. Nev. Dec. 11, 2019). Additionally, any concerns about prejudice or confusion on the jury's part can be properly addressed through jury instructions and counsels' opening statements and closing arguments. *Aiello*, 379 F. Supp. 3d at 1129.

*  *  *  *  *

In sum, the Court finds that GEICO has not met its burden of establishing all three *Kor Media* requirements. GEICO's motion to dismiss is not frivolous. However, "[a]bsent extraordinary circumstances" not present here, "litigation should not be delayed simply because a non-frivolous motion has been filed." *Trzaska v. Int'l Game Tech.*, 2011 WL 1233298, at *3 (D. Nev. 2011).

### D.  The burden of discovery

GEICO's final arguments center around the costly, burdensome discovery that lies ahead if the Court declines to issue a stay. ECF No. 15 at 7. It contends that there is no overlap between the contractual and the extra-contractual discovery as the experts necessary for the breach of contract action differ from those needed for the extra-contractual causes of action. *Id.* GEICO asserts that because there is no overlap, "there is no harm to the Plaintiff in holding the extra-contractual discovery in abeyance until there is a ruling on GEICO's motion to dismiss." *Id.* GEICO further claims that staying discovery would save both parties the "time and expense in engaging in numerous depositions and expert retention that will prove completely moot and irrelevant." *Id.*

Ms. Salvador disagrees. She contends, contrary to GEICO's assertions, that the contractual and extra-contractual claims are "intertwined" and thus involve many overlapping discovery components. ECF No. 19 at 12. Further, Ms. Salvador argues that rather than saving time and expense as GEICO alleges, staying discovery would unnecessarily prolong the process and waste judicial resources. *Id.*

The Court acknowledges that discovery can be burdensome. However, "[t]he fact that discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery." *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013). Further, a discovery stay is, in some ways, directly at odds with the need for expeditious resolution of litigation. *Ministerio Roca Solida v. U.S. Dept. of Fish and Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013) (citing *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995)).

The Court's preliminary peek did not leave it convinced that Ms. Salvador will be unable to construct a claim. Thus, ordering that the parties move forward with discovery does not run afoul of the Supreme Court's stated concern for "sending parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (citation omitted). After assessing all the concerns, arguments, and authorities raised by the parties, this Court finds that the interest in a just, speedy, and inexpensive determination of this matter is not served by a discovery stay.

**III.    Conclusion**

IT IS THEREFORE ORDERED that defendant's motion to stay discovery (ECF No. 15) is DENIED.

IT IS FURTHER ORDERED that the parties' proposed discovery plan and scheduling order (ECF No. 16) is DENIED

IT IS FURTHER ORDERED that the parties are to submit a new joint discovery plan and scheduling order by October 19, 2020.

DATED: October 5, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE